UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

Jaime Altamirano, *on behalf of himself and others similarly situated in the proposed FLSA Collective Action*,

Plaintiff,

- against -

127 Fourth Avenue Restaurant LLC (d/b/a Mocha Red Steakhouse + Mixology Bar), and Naphtaly Abenaim,

Defendants.

Case No. 1:22-cv-10500 (CM)

---

MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

---

FOX ROTHSCHILD LLP
101 Park Avenue, 17th Floor
New York, New York 10178
(212) 878-7900
(212) 692-0940 (fax)

*Attorneys for Defendants*

Of Counsel and On Brief:

Richard I. Scharlat, Esq.
Bryn Goodman, Esq.

<u>TABLE OF CONTENTS</u>

<u>Page</u>

PRELIMINARY STATEMENT ......................................................................... 1

STATEMENT OF FACTS ................................................................................ 2

    A.    The Parties ........................................................................... 2

    B.    Plaintiff's Allegations in the Complaint .................................. 3

LEGAL ARGUMENT....................................................................................... 4

I.      LEGAL STANDARD FOR A MOTION TO DISMISS................................. 4

II.     THERE IS NO SUBJECT MATTER JURISDICTION OVER  PLAINTIFF'S WTPA VIOLATIONS UNDER NYLL SECTION 195....................................... 6

    A.    The Legal Standard for Article III Standing ........................... 7

    B.    Plaintiff Lacks Standing to Pursue WTPA Claims Under NYLL Section 195 ...... 8

III.    PLAINTIFF'S CLAIMS AGAINST ABENAIM SHOULD BE DISMISSED .............. 10

    A.    Plaintiff Failed to Properly Serve Abenaim........................... 10

    B.    Plaintiff's Fails to Establish That Abenaim  Was His Employer Under the FLSA and NYLL ............................................. 12

    C.    Plaintiff Has Not, and Cannot, Allege That  Abenaim and the Restaurant are Joint Employers ................................... 14

IV.    PLAINTIFF'S CLAIMS OF ALLEGED UNPAID MINIMUM  WAGE CLAIMS IN VIOLATION OF FLSA AND NYLL SHOULD  BE DISMISSED FOR FAILURE TO ALLEGE SUFFICIENT FACTS................................. 16

    A.    Plaintiff's FLSA Claim for Unpaid Minimum Wages Fails to State a Claim ...... 16

    B.    Plaintiff's NYLL Claim for Unpaid Minimum Wages Likewise Must Fail......... 18

V.     PLAINTIFF'S CLAIMS OF ALLEGED WAGE DEDUCTIONS IN VIOLATION OF NYLL AND FLSA SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM....................... 19

    A.    Plaintiff Fails to State a Claim for Tip Misappropriation .................... 19

    B.    Plaintiff Fails to State a Claim for Wage Deductions........................... 20

VI.    THIS COURT SHOULD DECLINE SUPPLEMENTAL  JURISDICTION OVER
       ANY REMAINING STATE LAW CLAIMS .................................................................... 21

CONCLUSION............................................................................................................................ 21

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Alfonso v. Mougis Logistics Corp.*,
    No. 21-cv-5302, 2021 WL 5771769 (S.D.N.Y. Dec. 6, 2021) ................................................16

*Allianz Ins. Co. v. Otero*,
    No. 01 Civ. 2598, 2003 WL 262335 (S.D.N.Y. Jan. 30, 2003) .............................................6

*Anderson v. Union City Mirror & Table Co., Inc.*,
    No. 16-CV-6012 2018, WL 565727 (Jan. 25, 2018) ............................................................13

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ................................................................................................................5

*Aurecchione v. Schoolman Transp. Sys., Inc.*,
    426 F.3d 635 (2d Cir. 2005) ...................................................................................................4

*Barfield v. N.Y.C. Health & Hosps. Corp.*,
    537 F.3d 132 (2d Cir. 2008) .................................................................................................12

*Beh v. Cmty. Care Companions Inc.*,
    No. 19-cv-01417, 2022 WL 5039391 (W.D.N.Y. Sept. 29, 2022) ...................................9, 10

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007) ................................................................................................................5

*Carter v. Dutchess Cmty. Coll.*,
    735 F.2d 8 (2d. Cir 1984) ................................................................................................12, 15

*Chen v. Best Miyako Sushi Corp.*,
    No. 16-2012, 2012 WL 707273 (S.D.N.Y. Feb. 1, 2021) .....................................................18

*Chen v. Lilis 200 W. 57th Corp.*,
    No. 19-cv-7654, 2020 WL 7774345 (S.D.N.Y. Dec. 30, 2020) .......................................14, 16

*Chen v. St. Beat Sportswear, Inc.*,
    364 F.Supp.2d 269 (E.D.N.Y. 2005) ....................................................................................15

*Cioce v. County of Westchester*,
    No. 02 Civ. 3603, 2003 WL 21750052 (S.D.N.Y. July 28, 2003) ..........................................6

*Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.A.R.L.*,
    790 F.3d 411 (2d Cir. 2015)....................................................................................................4

*Cruz v. AAA Carting & Rubbish Removal, Inc.*,
   116 F.Supp.3d 232 (S.D.N.Y. 2015)....................................................................17

*Daimler Chrysler Corp. v. Cuno*,
   547 U.S. 332 (2006)..............................................................................................7

*DiFolco v. MSNBC Cable L.L.C.*,
   622 F.3d 104 (2d Cir. 2010)..................................................................................2

*Ethelberth v. Choice Sec. Co.*,
   91 F.Supp.3d 339 (E.D.N.Y. 2015) .....................................................................18

*Francisco v. NY Tex Care, Inc.*,
   No. 19-cv-1649, 2022 WL 900603 (E.D.N.Y. Mar. 28, 2022)............................10

*Gold v. Am. Med. Alert Corp.*,
   No. 14 Civ. 5485, 2015 WL 4887525 (S.D.N.Y. Aug. 17, 2015) ........................20

*Goldberg v. Jacquet*,
   667 F.App'x. 313 (2d Cir. 2016)..........................................................................20

*Harty v. W. Point Realty, Inc.*,
   28 F.4th 435 (2d Cir. 2022) ...................................................................................8

*Hishon v. King & Spalding*,
   467 U.S. 69 (1984)................................................................................................4

*Howard v. Klvnveld Peat Marwick Goerdeler*,
   977 F.Supp. 654 (S.D.N.Y. 1997), affd, 173 F.3d 844 (2d Cir.1999) ...................6

*Irizarry v. Catsimatidis*,
   722 F.3d 99 (2d Cir. 2013).....................................................................12, 13, 14

*Johnson v. Quik Park Columbia Garage Corp.*,
   93 CIV. 5276 (S.D.N.Y. May. 2, 1995)...............................................................11

*Jonas v. Citibank, N.A.*,
   414 F.Supp.2d 411 (S.D.N.Y. 2006).....................................................................6

*Komlossy v. Faruqi & Faruqi*,
   No. 15 Civ 9316, 2017 WL 722033 (S.D.N.Y. Feb. 23, 2017) ...........................20

*Kwon v. Yun*,
   No. 05–CV–1142, 2006 WL 416375 (S.D.N.Y. Feb. 21, 2006) ............................6

*Lederman v. Benepe*,
   No. 12 Civ. 6028, 2014 WL 1318356 (S.D.N.Y. Mar. 28, 2014) ..........................6

*Lihli Fashions Corp. v. N.L.R.B.*,
  80 F.3d 743 (2d Cir. 1996)............................................................................13

*Lin v. Comprehensive Health Mgmt.*,
  No. 08-cv-6519, 2009 WL 976835 (S.D.N.Y. Apr. 9, 2009) ...........................12, 13

*Lujan v. Defenders of Wildlife*,
  504 U.S. 555 (1992)......................................................................................7

*Lundy v. Catholic Health Sys. of Long Island*,
  711 F.3d 106 (2d Cir. 2013)..........................................................................16

*Maddox v. Bank of N.Y. Mellon Tr. Co., N.A.*,
  19 F.4th 58 (2d Cir. 2021) ..........................................................................7, 8

*Makarova v. U.S.*,
  201 F.3d 110 (2d Cir. 2000)............................................................................7

*In re Merrill Lynch Ltd. P'ships Litig.*,
  154 F.3d 56 (2d Cir. 1998)............................................................................21

*Metcalf v. TransPerfect Translations Int'l, Inc.*,
  19 Civ. 10104, 2022 WL 4661926 (S.D.N.Y. Sept. 30, 2022)........................7, 9

*Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*,
  526 U.S. 344 (1999)......................................................................................6

*Point–Dujour v. U.S. Postal Svc.*,
  No. 02 Civ. 6840, 2003 WL 1745290 (S.D.N.Y. Mar. 31, 2003) ......................6

*Ramirez v. Sake II Japanese Rest., Inc.*,
  No. 20-cv-9907, 2023 WL 3354881 (S.D.N.Y. Apr. 24, 2023), *report and
  recommendation adopted,* No. 20-cv-09907, 2023 WL 3346768 (S.D.N.Y.
  May 10, 2023)..............................................................................................9

*Reyes v. Lincoln Deli Grocery Corp.*,
  No. 17-cv- 2732, 2018 WL 2722455 (S.D.N.Y. June 5, 2018) ........................18

*Roth v. Jennings*,
  489 F.3d 499 (2d Cir. 2007)............................................................................5

*Sanchez v. Ms. Wine Shop Inc.*,
  No. 22-cv-2178, 2022 WL 17368867 (E.D.N.Y. Nov. 30, 2022) ......................9

*In re Scholastic Corp. Sec. Litig.*,
  252 F.3d 63 (2d Cir. 2001)..............................................................................4

*Sevilla v. House of Salads One LLC,*
    No. 20-cv-6072, 2022 WL 954740 (E.D.N.Y. Mar. 30, 2022)................................................9

*Shum v. Jili Inc.,*
    No. 17-cv-7600, 2023 WL 2974902 (E.D.N.Y. Mar. 19, 2023)............................................20

*Strubel v. Comenity Bank,*
    842 F.3d 181 (2d Cir. 2016).................................................................................................7

*Sudilovskiy v. City WAV Corp.,*
    No. 22-cv-469, 2022 WL 4586307 (E.D.N.Y. Sept. 29, 2022) ............................................9

*TransUnion LLC v. Ramirez,*
    141 S. Ct. 2190 (2021).....................................................................................................8, 9

*Vasto et al. v. Credico et al. (USA) LLC,*
    No. 15-cv-9298, 2016 WL 4147241 (S.D.N.Y. Aug. 3, 2016)............................................13

*Wang v. XBB, Inc.,*
    No. 18-cv-7341, 2022 WL 912592 (E.D.N.Y. Mar. 29, 2022).............................................10

*Weng v. HungryPanda U.S., Inc.,*
    No. 19-cv-11882, 2022 WL 292799 (S.D.N.Y. Jan. 31, 2022) ............................................13

*Wong v. City of New York,*
    No. 19-cv-6900, 2021 WL 768136 (E.D.N.Y. Feb. 26, 2021) .............................................21

*Yuan v. AA Forest, Inc.,*
    No. 20-cv-5484, 2022 WL 900614 (E.D.N.Y. Mar. 28, 2022)........................................15, 16

*Zheng v. Liberty Apparel Co., Inc.,*
    355 F.3d 61 (2d Cir. 2003)..................................................................................................15

*Zhong v. August August Corp.,*
    498 F.Supp.2d 625 (S.D.N.Y. 2007)....................................................................................16

*Zuniga v. Newmark Wood Working Grp. Inc.,*
    No. 20-cv-2464, 2022 WL 3446331 (E.D.N.Y. Aug. 17, 2022) ...........................................9

**Statutes**

28 U.S.C. § 1367(c) ..............................................................................................................21

29 U.S.C. §§ 201-219 .................................................................................................*passim*

29 U.S.C. § 203(d) ...............................................................................................................12

29 U.S.C. § 206......................................................................................................................17

29 U.S.C. § 206(a) ...................................................................................................................18

29 U.S.C. § 218(a) ...................................................................................................................17

42 U.S.C. § 12101 ......................................................................................................................8

NYLL § 190(3) .........................................................................................................................12

NYLL §193 ...............................................................................................................................19

NYLL § 195 ........................................................................................................................ *passim*

NYLL § 195(1) .......................................................................................................................9, 10

NYLL § 195(3) .......................................................................................................................9, 10

NYLL § 652(1)(a)(i) .................................................................................................................18

**Other Authorities**

CPLR § 308(1) ..........................................................................................................................11

Fed. R. Civ. P. 4(e) ...................................................................................................................10

Fed. R. Civ. P. 8(a)(2) ...............................................................................................................5

Fed. R. Civ. P. 12(b)(1) ..........................................................................................................1, 4

Fed. R. Civ. P. 12(b)(5) .....................................................................................................1, 5, 10

Fed. R. Civ. P. 12(b)(6) ..........................................................................................................1, 4

Fed. R. Civ. P. 12(h)(3) ..............................................................................................................1

N.Y. Comp. Codes R. & Regs. Tit. 12, § 146-1.3 ....................................................................18

## PRELIMINARY STATEMENT

Defendants 127 Fourth Avenue Restaurant LLC d/b/a Mocha Red Steakhouse + Mixology Bar ("Restaurant") and Naphtaly Abenaim ("Abenaim" together with the Restaurant, "Defendants") submit this memorandum of law in support of their motion to dismiss plaintiff Jaime Altamirano's ("Plaintiff") complaint, dated December 15, 2022 (the "Complaint") pursuant to Rules 12(b)(1), 12(b)(5), and 12(b)(6) of the Federal Rules of Civil Procedure (the "Motion"). As alleged in the Complaint, plaintiff's causes of action are materially improper, deficient or both, the Motion should be granted, and the Complaint should be dismissed in its entirety.

The Complaint is comprised of conclusory and contradictory allegations that are insufficient to plead plausible claims against defendants under New York Labor Law ("NYLL"), New York's Wage Theft Prevention Act ("WTPA"), and the Fair Labor Standards Act ("FLSA"). The Complaint appears to have been created based on a generic template for wage and hour claims. Even where alleged facts appear to be unique to plaintiff, the Complaint contains internal inconsistencies that undermine the viability of plaintiff's claims.

Plaintiff claims, *inter alia*, that defendants failed to issue him wage notices and wage statements in violation of the WTPA, failed to pay him minimum wage as a server at the Restaurant in violation of the NYLL. Plaintiff also claims that defendants misappropriated his tips and deducted his wages in violation of the NYLL and FLSA. However, plaintiff lacks standing to assert WTPA claims for failure to provide plaintiff with wage notices and wage statements because plaintiff has not and cannot articulate any tangible, concrete injury connected to the information contained in or the absence of such notices and statements.

Plaintiff also fails to set forth facts in the Complaint necessary to plausibly articulate that Abenaim is plaintiff's employer under the FLSA or NYLL. Moreover, plaintiff does not allege

facts to establish that the Restaurant and Abenaim are a single integrated enterprise or joint employers, such that they could be deemed jointly liable as plaintiff's employer under the FLSA and NYLL.  Moreover, plaintiff's claims against Abenaim should be dismissed because plaintiff has failed to serve Abenaim personally or via substitute service.  A copy of the summons was never handed to Abenaim, nor was it mailed to Abenaim at his last known residence or actual place of business. Therefore, the Court should dismiss all claims against Abenaim.

Finally, plaintiff has not alleged sufficient facts to support his purported claims for unpaid minimum wages in violation of the FLSA and NYLL. Similarly, plaintiff's claims for unlawful tip and wage deductions in violation of the NYLL and FLSA should be dismissed because plaintiff fails to allege sufficient facts to demonstrate that such deductions violated the NYLL or FLSA as a matter of law. In light of the foregoing, this Court should decline to exercise supplemental jurisdiction over plaintiff's NYLL claims.

For all these reasons and as set forth below, the Complaint is materially defective, the Motion should be granted, and the Complaint should be dismissed with prejudice, in its entirety.

STATEMENT OF FACTS[1]

A.     The Parties

Plaintiff alleges that he worked at the Restaurant, which is located at 127 4th Ave. New York, NY 10003, as a tipped server for approximately thirteen months between April 2020 and May 2021 (Complaint, Doc. 1 ("Compl.") ¶¶ 6, 11). Plaintiff alleges that he was an employee of Defendants and that Defendants were joint employers (Compl. ¶¶ 23, 25).

---

[1] For purposes of this Motion to Dismiss, the material factual allegations set forth in the Complaint are assumed true and will form the basis for the statement of facts herein.  *See DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010).  Defendants do not waive any rights to challenge such allegations.  Should defendants' motion be denied, in whole or in part, defendants will contest the "facts" asserted in the Complaint.

Plaintiff alleges in a conclusory fashion that Abenaim "controls significant function," at the Restaurant, decided employees' compensation, established their schedules, maintained employee records, and had the authority to hire or fire employees (Compl. ¶¶ 19, 22). Plaintiff further claims that Abenaim possessed an ownership interest in the Restaurant (Compl. ¶ 22).

B.    <u>Plaintiff's Allegations in the Complaint</u>

It is unclear from plaintiff's inconsistent allegations when he alleges he was not properly paid by the Restaurant. Plaintiff states that he worked for the Restaurant from April 2020 through May 2021, but later in the Complaint claims that he worked for the Restaurant from March 2022 through August 22, 2022 (*Compare* Compl. ¶¶ 6-7, with Complaint ¶ 33).

In this second version of his story, plaintiff alleges that from March 2022 through August 22, 2022, he worked fluctuating hours at the Restaurant five days per week, not exceeding 40 hours (*Id.*  ¶ 34). Plaintiff claims that he was paid $10.00 per hour, excluding tips, which is the appropriate cash wage for tipped employees (*Id.* ¶ 35). Plaintiff then alleges that he was not paid minimum wage during his employment with the Restaurant, whenever that may have been, but fails to allege any information regarding his actual wages received, tip-inclusive, rate of pay (*Id.* ¶¶ 61, 65).

Plaintiff concedes that defendants used an electronic time keeping device that recorded Plaintiff's hours worked, *Id.* ¶ 37, but generally alleges that defendants would "typically" manually adjust Plaintiff's clock-out time (*Id.* ¶ 38).  Plaintiff does not point to any specific week or shift when such alleged adjustments were made, but makes broad inferences that defendants had the capability to adjust plaintiff's time records (*Id.*). Further contradictory allegations emerge later in the Complaint when plaintiff claims that defendants did not utilize any time tracking device whatsoever to reflect hours worked (*Id.* ¶ 51).  In sum, the Complaint contains contradictory allegations as to: (1) when plaintiff worked for defendants; (2) whether defendants

used a time tracking system; and (3) whether defendants have the ability to manually adjust time records, or whether they actually did.  On these contradictions alone, plaintiff fails to state a claim that satisfies the requirements of Fed. R. Civ. P. 12(b)(6).

Plaintiff also describes a tip pool system that he alleges was in place at the Restaurant, and makes an unsubstantiated claim that Defendant misappropriated $200.00 per week in tips from plaintiff's and similarly situated individuals' wages (*Id*. ¶¶ 40-44). Notably absent from the Complaint are any details related to such misappropriated tips. Plaintiff also makes isolated, conclusory assertions that Defendants neglected to provide wage statements and notices, but alleges no injuries stemming from these allegations and provides no further context or detail (*Id*. ¶¶ 52-54).  As such, the Motion should be granted.

LEGAL ARGUMENT

## I.    LEGAL STANDARD FOR A MOTION TO DISMISS

A district court properly dismisses an action for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure when it lacks the statutory or constitutional power to adjudicate it. *See Cortlandt St. Recovery Corp. v. Hellas Telecomms*., *S.A.R.L.*, 790 F.3d 411, 416-17 (2d Cir. 2015). A plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence. *See Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 171 (2d Cir. 2005).

A party may move to dismiss a complaint for "failure to state a claim upon which relief may be granted."  Fed. R. Civ. P. 12(b)(6).  Under Rule 12(b)(6), a motion to dismiss is properly granted when "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."  *In re Scholastic Corp. Sec. Litig*., 252 F.3d 63, 69 (2d Cir. 2001) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).

4

To survive a motion to dismiss, a complaint must contain sufficient factual material to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although the court must accept the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff, *see Roth v. Jennings,* 489 F.3d 499, 501 (2d Cir. 2007), the court should ignore any allegations that are based solely on speculation, conjecture, opinions, or legal conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Although the law "does not require 'detailed factual allegations,' . . . it demands more than unadorned, the-defendant-unlawfully-harmed-me accusation.").

Further, thin allegations are insufficient to satisfy applicable pleading standards. Indeed, as the Supreme Court stated in *Iqbal*:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. <u>Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.</u> (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation.") . . . <u>Second, only a complaint that states a plausible claim for relief survives a motion to dismiss.</u> . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief."

*Id.* at 678-79 (*quoting* Fed. R. Civ. P. 8(a)(2) (internal citations and parentheticals omitted) (emphasis added). Based upon the allegations asserted in the Complaint, Plaintiff has failed to state claims upon which relief may be granted.

A party may also move to dismiss based on insufficient service of process. Rule 12(b)(5) of the Federal Rules of Civil Procedure permits a motion to dismiss for "insufficiency of service of process." Fed. R. Civ. P. 12(b)(5). When a defendant raises a Rule 12(b)(5) challenge to the

sufficiency of service of process, the plaintiff bears the burden of proving its adequacy. *Lederman v. Benepe*, No. 12 Civ. 6028, 2014 WL 1318356 at \*9 (S.D.N.Y. Mar. 28, 2014). "Conclusory statements that a defendant was properly served are insufficient to overcome a defendant's sworn affidavit that he was never served with process." *Howard v. Klvnveld Peat Marwick Goerdeler*, 977 F.Supp. 654, 658 (S.D.N.Y. 1997), *affd*, 173 F.3d 844 (2d Cir.1999). A plaintiff must instead, "through specific factual allegations and any supporting materials, make a prima facie showing that service was proper." *Kwon v. Yun*, No. 05 Civ. 1142, 2006 WL 416375, at \*2 (S.D.N.Y. Feb. 21, 2006).

A court has no jurisdiction over a defendant who has not been properly served. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) ("In the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant.") (internal citation omitted). Therefore, a court may dismiss the complaint when a defendant has not been properly served. *See Jonas v. Citibank, N.A.*, 414 F.Supp.2d 411 (S.D.N.Y. 2006); *Cioce v. County of Westchester*, No. 02 Civ. 3603, 2003 WL 21750052 (S.D.N.Y. July 28, 2003); *Point–Dujour v. U.S. Postal Svc.*, No. 02 Civ. 6840, 2003 WL 1745290, at \*3 (S.D.N.Y. Mar. 31, 2003); *Allianz Ins. Co. v. Otero*, No. 01 Civ. 2598, 2003 WL 262335, at \*4–5 (S.D.N.Y. Jan. 30, 2003).

## II.     THERE IS NO SUBJECT MATTER JURISDICTION OVER PLAINTIFF'S WTPA VIOLATIONS UNDER NYLL SECTION 195

Plaintiff lacks standing to bring a claim in federal court for defendants' alleged failure to provide him with proper wage notices and wage statements in violation of the reporting requirements under the WTPA, NYLL § 195. *See* Compl. ¶¶ 48, 50, 52, 70-73. Article III Standing requires an injury in fact related to the alleged violation of the law. Here, plaintiff does

6

not have standing to bring the WTPA claims because he has not alleged any concrete, tangible harm necessary to establish standing with respect to such claims.

A.     <u>The Legal Standard for Article III Standing</u>

A federal court may only exercise subject matter jurisdiction over a plaintiff's claims for which it has standing. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). It is axiomatic that "a plaintiff must demonstrate standing for each claim he seeks to press." *Daimler Chrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006). This includes claims over which the court has supplemental jurisdiction, even where the plaintiff has standing to bring jurisdiction-invoking federal claims. *Id*. at 351-52. A case should be dismissed for lack of subject matter jurisdiction under Fed. R. Civ. Procedure 12(b)(1) "when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. U.S.*, 201 F.3d 110, 113 (2d Cir. 2000).

"Article III standing requires plaintiffs to show (1) an 'injury in fact,' (2) a 'causal connection' between that injury and the conduct at issue, and (3) a likelihood 'that the injury will be redressed by a favorable decision.'" *Maddox v. Bank of N.Y. Mellon Tr. Co., N.A.*, 19 F.4th 58, 62 (2d Cir. 2021) (quoting *Lujan*, 504 U.S. at 560-61). For a plaintiff to prove he suffered an injury in fact, the plaintiff "must show the invasion of a [1] legally protected interest that is [2] concrete and [3] particularized and [4] actual or imminent, not conjectural or hypothetical." *Id*. (quoting *Strubel v. Comenity Bank*, 842 F.3d 181, 187-88 (2d Cir. 2016)). "Accordingly, to state a viable claim for statutory violations, the complaint must provide factually specific, non-conclusory allegations that they suffered a concrete harm as a result of the violations." *Metcalf v. TransPerfect Translations Int'l, Inc.*, 19 Civ. 10104, 2022 WL 4661926, at *16 (S.D.N.Y. Sept. 30, 2022).

In *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190 (2021), the Supreme Court explained that a plaintiff does not have standing to bring a claim in federal court based solely on a

defendant's alleged violation of a statute without showing that the plaintiff suffered a separate injury because of such violation. *See generally id*. at 2204-2208. "Only those plaintiffs who have been concretely harmed by a defendant's statutory violation may sue that private defendant over that violation in federal court." *Id*. at 2205.

Following the Supreme Court's decision in *TransUnion*, the Second Circuit has found that plaintiffs did not have standing to bring suit in federal court based solely on a defendant's alleged violation of various statutes where the plaintiffs could not show that they suffered any injury separate from the statutory violation itself. *See, e.g., Maddox*, 19 F.4th at 64-66 (finding no standing for claims against a bank for alleged violation of New York law concerning recording of mortgage satisfaction); *Harty v. W. Point Realty, Inc.*, 28 F.4th 435, 443-44 (2d Cir. 2022) (finding no standing for claims of alleged violations of the Americans with Disabilities Act regulations concerning disclosure of accessibility information on a hotel's website where the plaintiff had no intention of visiting the hotel in question). To bring a claim in federal court for an alleged "informational injury" arising from a statutory violation, a plaintiff must show that there were "downstream consequences" caused by the plaintiff's failure to receive such information. *Harty*, 28 F.4th at 444 (quoting *TransUnion*, 141 S. Ct. at 2214).

B.   Plaintiff Lacks Standing to Pursue WTPA Claims Under NYLL Section 195

Plaintiff has not and cannot allege that he suffered any "downstream consequences" from defendants' alleged failure to provide wage notices or wage statements such that plaintiff has been injured beyond the statutory violation itself. As such, plaintiff does not have standing to bring his Third and Fourth Claims against defendants for alleged violations of the WTPA, NYLL § 195.

Since *TransUnion*, the cases are legion from the federal courts in New York consistently ruling that plaintiffs do not have standing under Article III to bring claims in federal court for alleged violations of NYLL §§ 195(1) or 195(3). These courts have all found that the plaintiffs

in those cases, like plaintiff here, have suffered no injury beyond the alleged statutory violation itself, and therefore have no standing under Article III as per *TransUnion*. *See, e.g., Ramirez v. Sake II Japanese Rest., Inc.*, No. 20-cv-9907, 2023 WL 3354881, at *9 (S.D.N.Y. Apr. 24, 2023), *report and recommendation adopted*, No. 20-cv-09907, 2023 WL 3346768 (S.D.N.Y. May 10, 2023) (dismissing plaintiff's claim for statutory damages under the WTPA because plaintiff did not allege any facts showing that the lack of paystubs or written wage notices caused any other injury in fact); *Sanchez v. Ms. Wine Shop Inc*., No. 22-cv-2178, 2022 WL 17368867, at *9 (E.D.N.Y. Nov. 30, 2022) (dismissing NYLL Section 195(3) claim for lack of standing were the plaintiff "merely allege[d] that '[d]efendants failed to provide [p]laintiff with wage statements, upon each payment of his wages, as required by NYLL § 195(3)'"); *Metcalf,* 2022 WL 4661926, at *16 (finding plaintiffs lacked standing to bring claims under NYLL Section 195 where the plaintiffs' complaint "d[id]  not allege that Plaintiffs even read the wage statements or relied on them in any way, or that the wage statements caused Plaintiffs confusion or distress."); *Beh v. Cmty. Care Companions Inc*., No. 19-cv-01417, 2022 WL 5039391, at *7-10 (W.D.N.Y. Sept. 29, 2022) (recommending dismissal of claims for alleged NYLL Section 195 violation); *Sudilovskiy v. City WAV Corp*., No. 22-cv-469, 2022 WL 4586307, at *5 (E.D.N.Y. Sept. 29, 2022) (denying plaintiff's motion for a default judgment on NYLL Section 195 claims because plaintiff had not alleged sufficient facts to show standing); *Zuniga v. Newmark Wood Working Grp. Inc.*, No. 20-cv-2464, 2022 WL 3446331, at *7-9 (E.D.N.Y. Aug. 17, 2022) (same); *Sevilla v. House of Salads One LLC*, No. 20-cv-6072, 2022 WL 954740, at *7 (E.D.N.Y. Mar. 30, 2022) (same);  *Wang v. XBB, Inc.*, No. 18-cv-7341, 2022 WL 912592, at *13 (E.D.N.Y. Mar. 29, 2022) (dismissing plaintiff's NYLL § 195(3) claims for lack of standing even where "the evidence establishes by a preponderance that Defendants failed to provide plaintiff with required notices

under the NYLL"); *Francisco v. NY Tex Care, Inc.*, No. 19-cv-1649, 2022 WL 900603, at *7

(E.D.N.Y. Mar. 28, 2022) (denying class certification on NYLL 195(1) and 195(3) claims

because plaintiff lacked standing and failed to "demonstrate how those technical violations led to

either a tangible injury or something akin to a traditional cause of action").

Plaintiff alleges that defendants did not provide him with the wage notice or statements as

required by the NYLL.  *See* Compl. at ¶¶ 61-62.  Even if such allegations were true, plaintiff

fails to allege how the alleged failure caused plaintiff any injury-in-fact that would be sufficient

to confer standing.  These "technical violations of the NYLL" do not create "either a tangible

injury or something akin to a traditional cause of action."  *Francisco*, 2022 WL 900603, at *7;

*see also Beh*, 2022 WL 5039391, at *7-9 ("While the deficiencies in defendants' provisions of

hiring notices may amount to violations of the labor law, neither plaintiffs nor the record

demonstrates how those technical violations led to either a tangible injury or something akin to a

traditional cause of action, as required by the Supreme Court.").  Thus, plaintiff's allegations

regarding the alleged statutory violations are insufficient to establish standing and thus his claims

for alleged violations of NYLL § 195 and his Third and Fourth Claims must be dismissed.

III.   PLAINTIFF'S CLAIMS AGAINST ABENAIM SHOULD BE DISMISSED

      A.   Plaintiff Failed to Properly Serve Abenaim

FRCP 12(b)(5) and FRCP 4(e) provides that an individual may be served in a judicial

district of the United States by: (1) following state law for serving a summons in an action

brought in courts of general jurisdiction in the state where the district court is located or where

service is made; or (2) doing any of the following: (A) delivering a copy of the summons and of

the complaint to the individual personally; (B) leaving a copy of each at the individual's

dwelling or usual place of abode with someone of suitable age and discretion who resides there;

or (C) delivering a copy of each to an agent authorized by appointment or by law to receive

service of process. Copies of the summons and complaint were not delivered to Abenaim personally (Abenaim Dec. ¶¶ 1-2). Copies were not left at Abenaim's dwelling, nor were copies delivered to authorized agents of Abenaim (Abenaim Dec. ¶¶ 1-3). Thus, New York state law is the only remaining avenue to establish service of process.

New York Civil Practice Law and Rules ("CPLR") § 308(1) provides: Personal service upon a natural person shall be made by any of the following methods: (1) by delivering the summons within the state to the person to be served; or (2) by delivering the summons within the state...to a person of suitable age and discretion at the actual place of business...of the person to be served and by either mailing the summons to the person to be served at his last known residence or by mailing the summons by first class mail to the person to be served at his or her actual place of business. The summons was never delivered to Abenaim personally (Abenaim Dec. ¶¶ 1-2). According to the affidavit of service, the summons was left with Abenaim at the Restaurant, but the affidavit of service does not assert that the summons was subsequently mailed to Abenaim's residence or actual place of business, as required by § 308(2), and it was not (Abenaim Dec. ¶ 1). The affidavit of service indicates that Abenaim was "delivered a true copy of [the summons and Complaint] to [Abenaim] personally," this is not true (Abenaim Dec. ¶ 1).  The copy of the summons and Complaint delivered to a person at the Restaurant was delivered to Biton (Biton Dec. ¶¶ 3-4). As such, the affidavit of service is inaccurate. Abenaim was never properly served (Abenaim Dec. ¶ 1).

Thus, service of process was improper upon Abenaim and the claims against him should be dismissed. *See Johnson v. Quik Park Columbia Garage Corp.*, 93 CIV. 5276 (S.D.N.Y. May. 2, 1995) (not reported).

B.       Plaintiff's Fails to Establish That Abenaim
         Was His Employer Under the FLSA and NYLL

Individual liability under the FLSA and NYLL extends only to persons who are found to

be a plaintiff's employer, *i.e.*, a "person acting directly or indirectly in the interest of an

employer in relation to an employee." 29 U.S.C. § 203(d); NYLL § 190(3).  This determination

is "grounded in economic reality rather than technical concepts, determined by reference not to

isolated factors, but rather upon the circumstances of the whole activity." *Barfield v. N.Y.C.*

*Health & Hosps. Corp.*, 537 F.3d 132, 141 (2d Cir. 2008) (internal quotations omitted).  Courts

in this Circuit consider a number of factors to determine individual liability, including whether

the individual "(1) had the power to hire and fire the employees, (2) supervised and controlled

employee work schedules or conditions of employment, (3) determined the rate and method of

payment, and (4) maintained employment records." *Carter v. Dutchess Cmty. Coll.*, 735 F.2d

735 F.2d 8, 12 (2d Cir. 1984); *see also Lin v. Comprehensive Health Mgmt.*, No. 08-cv-6519,

2009 WL 976835, at *2 (S.D.N.Y. Apr. 9, 2009) (stating that the "same analysis" applies when

evaluating alleged employer-employee relationships under the FLSA and NYLL). Courts also

examine the scope of the individual's "operational control" over "employment-related factors

such as workplace conditions and operations, personnel, or compensation" as well as the

individual's "potential power" over employees. *Irizarry v. Catsimatidis*, 722 F.3d 99, 106-12

(2d Cir. 2013).

Plaintiff fails to plead facts sufficient to state a claim of individual liability with respect

to Abenaim.  Rather, plaintiff alleges only that Abenaim satisfies the elements set forth in

*Carter*.  *See* Compl. at ¶¶ 16-20. Indeed, plaintiff broadly offers that Abenaim "possesses or

possessed operational control," "determined the wages and compensation of employees,

including Plaintiff, established the schedules of employees, maintained employee records, and

had the authority to hire and fire employees." *See id.* at ¶¶ 18-19.  This falls far short of the necessary threshold under the Federal Rules and applicable case law necessary to hold Abenaim liable because the Complaint is devoid of any concrete factual assertions to establish that Abenaim had control over operations in a manner that related to plaintiff's employment.  *See, e.g., Weng v. HungryPanda U.S., Inc*., No. 19-cv-11882, 2022 WL 292799, at *6 (S.D.N.Y. Jan. 31, 2022) ("Plaintiff's allegations related to the Individual Defendants' ability to hire employees and exercise other managerial powers are also unavailing because these allegations merely restate the *Carter* factors.") (collecting cases); *Vasto et al. v. Credico et al. (USA) LLC*, No. 15-cv-9298, 2016 WL 4147241, at *7 (S.D.N.Y. Aug. 3, 2016) (dismissing FLSA claims against individual defendant where the complaint "d[id] not plead any facts that would permit the Court to infer that Young had 'operational control' over 'employment-related factors such as workplace conditions and operations, personnel, or compensation.'") (quoting *Irizarry*, 722 F.3d at 109).  At bottom, merely alleging that Abenaim is an owner with operational control is not sufficient to survive a motion to dismiss.  *Vasto,* 2016 WL 4147241, at *5 ("Evidence that an individual is an owner or officer of a company, or otherwise makes corporate decisions that have nothing to do with an employee's function, is insufficient to demonstrate "employer" status).

Furthermore, plaintiff fails to allege sufficient facts showing that Abenaim and the Restaurant's operations were so overwhelmingly intermingled as to warrant alter ego liability. *Anderson v. Union City Mirror & Table Co., Inc.*, No. 16-CV-6012 2018, WL 565727 (Jan. 25, 2018). The "hallmarks of the alter ego doctrine include 'whether the two enterprises have substantially identical management, business purpose, operation, equipment, customers, supervision, and ownership.'" *Lihli Fashions Corp. v. N.L.R.B.*, 80 F.3d 743, 748 (2d Cir. 1996).

Plaintiff has pled no specific facts to show that this was the case between Abenaim and the Restaurant.

Moreover, the Complaint is devoid of facts about Abenaim with respect to plaintiff's employment.  *See Lin*, 2009 WL 976835, *2 ("The complaint does not allege any facts regarding the positions held by the Individual Defendants or their power to control <u>plaintiffs</u>' hours, wages, or other terms and conditions of employment.") (emphasis added); *see also Irizarry*, 722 F.3d at 109 ("Evidence that an individual is an owner or officer of a company, or otherwise makes corporate decisions that have nothing to do with an employee's function, is insufficient to demonstrate 'employer' status.").

Plaintiff does not claim that <u>he</u> was hired, supervised, disciplined, terminated or otherwise controlled by Abenaim.  Plaintiff does not allege that Abenaim played any specific role in supervising operations of the Restaurant, and certainly not in connection with plaintiff -- as required to survive a motion to dismiss. For example, plaintiff does not allege that Abenaim was present during the workday, or interacted with employees – or plaintiff -- at any time on matters concerning employment practices.  Plaintiff asserts only a recitation of the legal standard with generic allegations that are <u>not</u> related to plaintiff's specific employment.  This failure alone is grounds to dismiss Abenaim from the action.  *See id.*

    C.    Plaintiff Has Not, and Cannot, Allege That
           <u>Abenaim and the Restaurant are Joint Employers</u>

Plaintiff's claim that Abenaim and the Restaurant are joint employers, Compl. at ¶ 22, cannot survive the Motion as plaintiff has not stated and cannot state any factual allegations establishing that Abenaim and the Restaurant are joint employers.

"The Second Circuit has applied different multi-factor tests to assess whether [a joint] employment relationship exists, considering the 'economic reality' of the specific employment

situation before the court." *Chen v. Lilis 200 W. 57th Corp.*, No. 19-cv-7654, 2020 WL

7774345, at *3 (S.D.N.Y. Dec. 30, 2020) (internal citations omitted). "Courts hold that the New

York Labor Law embodies the same standards for joint employment as the FLSA." *Chen v. St.*

*Beat Sportswear, Inc.*, 364 F. Supp. 2d 269, 278 (E.D.N.Y. 2005).

In assessing whether there is formal control by the alleged employer, the court considers

the following factors: (1) the power to hire and fire employees, (2) supervision and control over

employees' work schedules or conditions of employment, (3) who determines the rate and

method of payment, and (4) who maintains employment records. *Yuan v. AA Forest, Inc.*, No.

20-cv-5484, 2022 WL 900614, at *3 (E.D.N.Y. Mar. 28, 2022) (citing *Carter*, 735 F.2d at 12).

Alternatively, the court analyzes whether there is functional control by the alleged employer by

considering the following factors: "(1) whether [the alleged employers'] premises and

equipment were used for the plaintiffs' work; (2) whether the [subcontractors] had a business

that could or did shift as a unit from one putative joint employer to another; (3) the extent to

which plaintiffs performed a discrete line job that was integral to [the alleged employers']

process of production; (4) whether responsibility under the contracts could pass from one

subcontractor to another without material changes; (5) the degree to which [the alleged

employers] or their agents supervised plaintiffs' work; and (6) whether plaintiffs worked

exclusively or predominantly for [the alleged employers]." *Id*. (quoting *Zheng v. Liberty*

*Apparel Co., Inc.*, 355 F.3d 61, 72 (2d Cir. 2003)) (alterations original). Here, plaintiff's

allegations regarding Abenaim fail to satisfy either of these joint employer analyses.

In the Complaint, plaintiff simply repeats the factors necessary to establish liability in a

wholly conclusory fashion. Specifically, plaintiff asserts that Abenaim and the Restaurant "are

associated and joint employers . . . and share control over the employees" and that both entities

"possessed substantial control over Plaintiff's . . . working conditions, and over policies and practices with respect to the employment and compensation of Plaintiff." *See* Compl. at ¶¶ 23-24.  Further, without providing any specific factual allegations, Plaintiff concludes that "Defendants had the power to hire and fire Plaintiff, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiff's services." *See* Compl. at ¶ 29.  These conclusory, boilerplate allegations about Abenaim are insufficient, even at the pleadings stage, to show a joint employer relationship with the Restaurant.  *See Lilis 200 W. 57th Corp.*, 2020 WL 7774345, at *5 ("These allegations are simply a recitation of the four factors that comprise the economic reality test . . . There is no reason to credit these formulaic allegations at the motion to dismiss stage.") (internal citations omitted); *Yuan*, 2022 WL 900614, at *7 (dismissing claims against defendant where "the complaint contains barely any non-conclusory factual detail that would allow [the court] to evaluate the extent of [the alleged joint employer's] control, whether formal or functional.").

Accordingly, as plaintiff has failed to allege sufficient allegations showing that Abenaim was a joint employer, plaintiff's claims against Abenaim must be dismissed.

IV.   PLAINTIFF'S CLAIMS OF ALLEGED UNPAID MINIMUM
WAGE CLAIMS IN VIOLATION OF FLSA AND NYLL SHOULD
BE DISMISSED FOR FAILURE TO ALLEGE SUFFICIENT FACTS

A.   Plaintiff's FLSA Claim for Unpaid Minimum Wages Fails to State a Claim

Plaintiff's "First Claim" in the Complaint is for alleged unpaid minimum wages under the FLSA.  To allege sufficient facts for a claim to recover unpaid minimum wages under the FLSA, plaintiff must allege the applicable rate of pay and the amount of unpaid minimum wages due. *See Zhong v. August August Corp.*, 498 F.Supp.2d 625 (S.D.N.Y. 2007); *see also Alfonso v. Mougis Logistics Corp.*, No. 21-cv-5302, 2021 WL 5771769, at *3 (S.D.N.Y. Dec. 6, 2021) *citing Lundy v. Catholic Health Sys. of Long Island*, 711 F.3d 106, 115 (2d Cir. 2013)

(describing FLSA minimum-wage claim as available where "the average hourly wage falls below the federal minimum wage"). The Complaint does not satisfy this pleading standard because it contains no allegations to support plaintiff's claim that he was not paid minimum wage for all hours worked. Plaintiff must allege that the number of hours actually worked in a given week multiplied by the minimum hourly statutory requirement is less than the number of wages paid for the week. *Id.* Plaintiff alleges that his rate of pay was $10.00 per hour, Compl. ¶ 35, which is greater than the federal minimum wage of $7.25 an hour. 29 U.S.C. § 206.[2] The Complaint does not point to a single specific workweek in which plaintiff's total compensation was less than the applicable minimum wage multiplied by the hours worked during the week— which undermines plaintiff's claims on the face of the pleading.

Plaintiff alleges that he typically worked somewhere between 34 and 38 hours in a week, but the wages plaintiff alleges he is owed cannot be determined from his allegations regarding his salary and working hours.  Facts regarding plaintiff's actual hours worked and his resulting rate of pay with tips are necessary for the minimum wage analysis, as are specific allegations regarding instances in which his pay dropped below minimum wage. Plaintiff has not stated any actual amount that he believes he is owed for his minimum wage claims, and he has provided insufficient information to give defendants sufficient notice from which to calculate the alleged damages. There are no facts alleged as to what plaintiff's actual rate of pay was during the relevant time period, or when it actually fell below the federal minimum wage. *See Cruz v. AAA Carting & Rubbish Removal, Inc.*, 116 F.Supp.3d 232, 242 (S.D.N.Y. 2015) ("While Plaintiff

---

[2] To the extent plaintiff is attempting to allege that plaintiff did not receive the state minimum wage, which the FLSA requires employers to pay when it is greater than the federal minimum wage, *see* 29 U.S.C. § 218(a), plaintiff still fails to state a claim as discussed in Section IV.B of this motion.

may state a claim for a failure to pay *overtime* for the hours worked in excess of 40 hours a week, he does not necessarily state a claim for failure to pay *minimum wage* for those hours, because '[a]n employee cannot state a claim for a minimum wage violation 'unless [his] average hourly wage falls below the federal minimum wage.'").

As such, plaintiff has not stated a claim that defendants violated the FLSA minimum wage provision, 29 U.S.C. § 206(a) and plaintiff's First Claim for unpaid minimum wage under the FLSA should be dismissed.

B.     Plaintiff's NYLL Claim for Unpaid Minimum Wages Likewise Must Fail

Plaintiff's "Second Claim" for unpaid minimum wages under NYLL involves a similar analysis to FLSA claims. *Chen v. Best Miyako Sushi Corp.*, No. 16-2012, 2012 WL 707273, at * 10 (S.D.N.Y. Feb. 1, 2021). Courts approach FLSA and NYLL claims in the same manner. *See, e.g., Reyes v. Lincoln Deli Grocery Corp.*, No. 17-cv- 2732, 2018 WL 2722455, at *5-6 (S.D.N.Y. June 5, 2018); *Ethelberth v. Choice Sec. Co.*, 91 F. Supp. 3d 339, 360 (E.D.N.Y. 2015) ("[C]ourts in the Second Circuit have generally applied their analysis of a plaintiff's FLSA claim to a plaintiff's NYLL claim due to the substantial similarity in the provisions."). However, the minimum wage in New York City under the NYLL was (and remains) $15.00 per hour. NYLL § 652(1)(a)(i).

To be sure, New York law allow employers to pay a lower minimum wage rate to tipped employees.  N.Y. Comp. Codes R. & Regs. ("NYCCRR") Tit. 12, § 146-1.3. The NYLL permits an employer to take a tip credit of $5.00 per hour "towards the basic minimum hourly rate if a service employee or food service worker receives enough tips and if the employee has been notified of the tip credit." 12 NYCCRR § 146-1.3.  Accordingly, plaintiff has not alleged that the rate of $10.00 per hour was less than the required New York minimum wage for a non-managerial server who received tips sufficient to justify defendant taking the tip credit.  Similar

to the FLSA analysis above, plaintiff fails to allege facts as to when plaintiff's pay actually fell below state minimum wage.  Therefore, plaintiff's "Second Claim" for unpaid NYLL minimum wage claims should also be dismissed for lack of specific allegations as to his actual pay.

V.    PLAINTIFF'S CLAIMS OF ALLEGED WAGE DEDUCTIONS IN VIOLATION OF NYLL AND FLSA SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM

Beyond his conclusory, generalized claims, plaintiff makes no specific allegations of tip and wage deductions. These conclusory allegations cannot survive dismissal. Moreover, it is well settled that certain wage deductions are lawful under both the NYLL and FLSA, as are tip pools. New York and federal law allow employers to require tip sharing and tip pooling. Plaintiff has not alleged sufficient facts to demonstrate that deductions were made, and even if deductions were made, plaintiff fails to make a satisfactory claim that said deductions were unlawful.

A.    Plaintiff Fails to State a Claim for Tip Misappropriation

Plaintiff fails to plead facts sufficient to support his "Fifth Claim" that defendants unlawfully deducted plaintiff's tips in violation of NYLL. Plaintiff merely states in a conclusory fashion that defendants unlawfully misappropriated tips (Compl. ¶ 40). Plaintiff vaguely describes a workplace tip pool, which he summarily alleges was unlawful, but offers no concrete examples of non-tipped employees receiving proceeds from said tip pool--nor any other instances of unlawful activity surrounding wage and tip allocation (*Id.*). Indeed, plaintiff does not name any individuals who wrongly participated in the tip pool or provide examples where tips were allocated to anyone other than tipped employees.

Furthermore, NYLL §193 clearly enumerates a host of authorized wage deductions that employers can make. Even assuming defendants made deductions as (however poorly alleged), plaintiff offers no contextual allegations as to what the deductions were used for and does not claim that deductions were used for purposes not authorized by §193. On the face of the

allegations in the Complaint, defendants' deductions were plausibly lawful under the NYLL. Plaintiff fails to state a wage deduction claim under NYLL with the requisite specificity, and therefore the claim must be dismissed.

      B.    <u>Plaintiff Fails to State a Claim for Wage Deductions</u>

Plaintiff likewise fails to plead facts sufficient to support his "Sixth Claim" for unlawful wage deduction under FLSA. Other than a loose description of a tip pool and conclusory, generalized allegations of time shaving, the Complaint contains no required, specific allegations concerning wage deductions. *See Goldberg v. Jacquet*, 667 F. App'x. 313 (2d Cir. 2016); *Gold v. Am. Med. Alert Corp.*, No. 14 Civ. 5485, 2015 WL 4887525, at *5 (S.D.N.Y. Aug. 17, 2015); *Komlossy v. Faruqi & Faruqi*, No. 15 Civ. 9316, 2017 WL 722033 (S.D.N.Y. Feb. 23, 2017). Plaintiff does not allege a particular pay period in which his wages were deducted by defendants. Moreover, "[u]nder the FLSA, a plaintiff can bring a claim for tip misappropriation to the extent that the misappropriation of the tips leaves the plaintiff with hourly wages in an amount less than the minimum wage." *Shum v. Jili Inc.*, No. 17-cv-7600, 2023 WL 2974902, at *12 (E.D.N.Y. Mar. 19, 2023). Plaintiff does not allege that he earned less than minimum wage with tips. Plaintiff also fails to allege persons responsible for such deductions, nor the purposes for which the alleged deductions were allegedly made.

Of course, the FLSA permits employers to make wage deductions legally for many different purposes, as long as such deductions do not bring employees' pay below the federal minimum wage. Plaintiff makes no allegations in the Complaint that the wage deductions brought his pay below minimum wage. Further, no allegation is made in the Complaint to explain why deductions may have been made, for permitted purposes under the FLSA, or otherwise. It is entirely indeterminable from the Complaint the reasons deductions may have

been made by defendants, and plaintiff alleges no specific instances of wage deductions. For these reasons the "Sixth Claim" should be dismissed as well.

VI.     THIS COURT SHOULD DECLINE SUPPLEMENTAL
        <u>JURISDICTION OVER ANY REMAINING STATE LAW CLAIMS</u>

Should this Court decide to dismiss only plaintiff's federal claims, this Court should decline supplemental jurisdiction over plaintiff's state law claims. The provisions of 28 U.S.C. § 1367(c) allow the court to decline to exercise supplemental jurisdiction over state law claims if the court has dismissed all claims over which it has original jurisdiction. Courts often decline the exercise of supplemental jurisdiction over state wage-and-hour claims where all of plaintiff's FLSA claims have been dismissed. *See In re Merrill Lynch Ltd. P'ships Litig.*, 154 F.3d 56, 61 (2d Cir. 1998) (affirming the district court's decision to decline exercising supplemental jurisdiction over state law claims after dismissing FLSA claims); *Wong v. City of New York*, No. 19-cv-6900, 2021 WL 768136, at *6 (E.D.N.Y. Feb. 26, 2021) (dismissing state law claims where federal claims had been dismissed and plaintiff failed to "articulate[ ] any reason to exercise supplemental jurisdiction"). On this basis, this Court should find that plaintiff failed to state any FLSA claims decline to exercise supplemental jurisdiction over plaintiff's state law claims.

CONCLUSION

Plaintiff has failed to allege sufficient facts to support claims under the FLSA or NYLL. Once plaintiff's claims are dismissed, the Court should decline to exercise supplemental

jurisdiction over plaintiff's remaining claims, the Motion should be granted, and the Complaint should be dismissed in its entirety, with prejudice.

Dated: New York, New York
      June 29, 2023

Respectfully submitted,

FOX ROTHSCHILD, LLP

Richard I. Scharlat, Esq.
Bryn Goodman, Esq.
101 Park Avenue, 17th Floor
New York, New York 10178
rscharlat@foxrothschild.com
bgoodman@foxrothschild.com

*Attorneys for Defendants*